IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARCUS HAHN,

    Plaintiff,

v.                                                              Civ. 09-00583 JB/RLP

BERNALILLO COUNTY SHERIFF'S
OFFICE, STATE OF NEW MEXICO, *et al.*,

    Defendants.

## MAGISTRATE JUDGE'S REPORT & RECOMMENDATION[1]

    1.    This proceeding was originally filed in the Second Judicial District Court for the State of New Mexico, County of Bernalillo, CV-2007-07395.  Mr. Hahn, appearing *pro se*, requested from Defendants the return of his property seized by the Bernalillo County Sheriff's office.  Defendants removed the action to this Court, asserting that Plaintiff alleged a civil rights claim under 42 U.S.C. § 1983.  Plaintiff seeks to have the case remanded to the Second Judicial District Court, alleging this Court has no jurisdiction.

    2.    If Plaintiff had filed this case initially in federal court, the applicable ground of jurisdiction would have been Fed.R.Civ.P. 41(g), Motion to Return Property.  *See Clymore v. United States*, 164 F.3d 569 (10th Cir. 1999).  "Once the criminal proceedings have ended, a Rule 41(g) motion is treated as a civil equitable proceeding."  *United States v. Roberts*, 282 Fed.Appx. 735 (10th Cir. 2008) (unpublished opinion).  "'Rule 41[g] jurisdiction should be exercised with caution and restraint . . . .'"  *United States v. Ortiz*, 110 F.3d 74,

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1) , file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation.  If no objections are filed, no appellate review will be allowed.

*1 (10th Cir. 1997) (unpublished opinion) (citing *Floyd v. United States*, 860 F.2d 999, 1003 (10th Cir. 1988)).

3. Plaintiff did assert a Rule 41 claim in a previous case in the federal district court. *See United States v. Parcel of Real Estate Located at 62 Valle Hermosa Road, Sandia Park, N.M., et al*, Cause No. 00-563 JP/KBM. On June 7, 2007, Judge Parker issued his Memorandum Opinion and Order regarding certain of Plaintiff's seized items, which are the subject of the instant case, noting that those items were in the custody of the Bernalillo County Sheriff's Office. *See id.* Memorandum Opinion and Order [Doc. 43] at 2-3. Judge Parker stated that "the Court continues to adhere to its conclusion that constructive federal possession does not apply in this situation." *Id.* at 3. *See United States v. Copeman*, 458 F.3d 1070, 1072 (10th Cir. 2006); *Clymore*, 164 F.3d at 571.

4. Judge Parker declined to accept jurisdiction over the seized items and so does this Court. Plaintiff has a remedy at state law by way of New Mexico's Forfeiture Act, NMSA (1978) §§ 31-27-1 *et seq*. Therefore, the Court recommends that Plaintiff's Motion to Remand be granted and Defendant's Motion to Dismiss be denied.

## RECOMMENDED DISPOSITION

I recommend that Plaintiff's Motion to Remand [Doc. 11] be granted and this case be remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico. I further recommend that Defendant's Motion to Dismiss [Doc. 22] be denied.

_____
Richard L. Puglisi
United State Magistrate Judge